```
             IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF HAWAII

SAM MONET,                      )   CIV. NO. 11-00211 SOM/RLP
                                )
          Plaintiff,            )
                                )   ORDER GRANTING FEDERAL
     vs.                        )   DEFENDANTS' MOTION TO DISMISS
                                )
STATE OF HAWAII;                )
HAWAII DEPARTMENT OF LAND AND   )
NATURAL RESOURCES;              )
WILLIAM AILA, DIRECTOR OF THE   )
DEPARTMENT OF LAND AND          )
NATURAL RESOURCES, in his       )
official capacity;              )
LORETTA J. FUDDY, ACTING        )
DIRECTOR OF THE DEPARTMENT OF   )
HEALTH, in her official         )
capacity;                       )
UNITED STATES ENVIRONMENTAL     )
PROTECTION AGENCY; and          )
LISA P. JACKSON, ADMINISTER     )
OF THE UNITED STATES            )
ENVIRONMENTAL PROTECTION        )
AGENCY, in her official         )
capacity,                       )
                                )
          Defendants.           )
_____ )
```

ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS

I.    INTRODUCTION.

Plaintiff Sam Monet, proceeding pro se, claims violations of various environmental laws, including the Clean Water Act, 33 U.S.C. §§ 1251-1387 ("CWA"), the Comprehensive Environmental Response Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675 ("CERCLA"), and possibly the Emergency Planning and Community Right-to-Know Act of 1986, 42 U.S.C. §§ 11101-11050 ("EPCRA").

This court has already dismissed Monet's claims against the State of Hawaii, the State of Hawaii Department of Land and Natural Resources, William Aila, and Loretta J. Fuddy, (collectively, "State Defendants"). The remaining Defendants, the United States Environmental Protection Agency ("EPA") and Lisa P. Jackson in her official capacity as Administrator of the United States EPA (collectively, "Federal Defendants"), have moved to dismiss Monet's claims against them. That motion is granted without a hearing pursuant to Local Rule 7.2(d), which gives this court discretion to rule on any motion without a hearing.

II.     BACKGROUND.

The factual background for this case was previously set forth in the court's order dismissing Monet's claims against the State Defendants. See ECF No. 25. That background is incorporated herein by reference.

III.    MOTION TO DISMISS STANDARD.

The various standards for motions to dismiss were previously set forth in the court's order dismissing Monet's claims against the State Defendants. See ECF No. 25. Those standards are also incorporated herein by reference.

IV.     ANALYSIS.

The Federal Defendants move to dismiss the environmental claims asserted against them, arguing that they

have sovereign immunity with respect to those claims. To the extent that the United States Government has waived its sovereign immunity, the Federal Defendants argue that Monet has not complied with notice prerequisites to filing suit. The court agrees and dismisses the claims against the Federal Defendants.

      A.   <u>The Federal Defendants Have Sovereign Immunity.</u>

"The United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980). The Government's waiver of sovereign immunity may not be implied. Instead, it "must be unequivocally expressed." <u>Id.</u> "The waiver of sovereign immunity is a prerequisite to federal-court jurisdiction." <u>Tobar v. United States</u>, 639 F.3d 1191, 1195 (9th Cir. 2011); accord <u>Alvarado v. Table Mountain Rancheria</u>, 509 F.3d 1008, 1015 (9th Cir. 2007) ("Sovereign immunity limits a federal court's subject matter jurisdiction over actions brought against a sovereign.").

The Federal Defendants argue that, to the extent the Government has not waived its sovereign immunity, Monet may not bring claims under the CWA, CERCLA, or EPCRA. Monet's Opposition did not specifically address this argument, instead merely arguing that he had valid claims. The court agrees that, to the extent Monet may be asserting claims not authorized by the

3

citizen suit provisions of the CWA, CERCLA, or EPCRA, the Federal Defendants have sovereign immunity with respect to those claims.

### B. The CWA Citizen Suit Claims Against the Federal Defendants Are Dismissed.

Monet brings a citizen suit against the Federal Defendants for violations of the CWA pursuant to 33 U.S.C. § 1365(a)(1), which provides:

> (a) Authorization; jurisdiction
>
> Except as provided in subsection (b) of this section and section 1319(g)(6) of this title, any citizen may commence a civil action on his own behalf--
>
> (1) against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation, . . .
>
> . . . .
>
> The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an effluent standard or limitation, or such an order, or to order the Administrator to perform such act or duty, as the case may be, and to apply any appropriate civil penalties under section 1319(d) of this title.

The Supreme Court has held that Congress waived federal sovereign immunity via the citizen suit provision of the CWA. See United States Dept. of Energy v. Ohio, 503 U.S. 607, 613-14

(1992); see also Sierra Club v. United States Environ. Protection Agency, 475 F. Supp. 2d 29, 31 (D.D.C. 2007) ("The citizen-suit provision of the CWA provides a limited waiver of sovereign immunity for claims where there is alleged a failure of the EPA Administrator to perform any act or duty under the this chapter which is not discretionary with the Administrator." (quotations omitted)).

Notwithstanding this limited waiver of federal sovereign immunity, and as noted in the court's earlier order, except for suits brought under 33 U.S.C. §§ 1316 and 1317a, anyone filing a citizen suit under CWA must first send a notice to the Administrator of the EPA, the state in which the violation occurred, and to any alleged violator. See 33 U.S.C. § 1365(b)(1)(A) (stating that no citizen suit may be commenced under § 1365(a)(1) "(A) prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order"); 33 U.S.C. 1251(d) (defining "Administrator" as used in the CWA as "the Administrator of the Environmental Protection Agency"). This 60-day notice requirement is a "mandatory condition precedent to the filing of a citizen suit under the Clean Water Act." Nat'l Environ. Found. v. ABC Rail. Corp., 926 F.2d 1096, 1097 (11th Cir. 1991). The

5

Complaint itself suggests that Monet has failed to comply with the 60-day notice provision contained in the CWA, and the record does not suggest such compliance. Moreover, Monet fails to identify a nondiscretionary act or duty that the Administrator of the EPA did not perform such that the Government can be said to have waived its sovereign immunity.

Monet has failed to demonstrate that jurisdiction exists. In opposing the Federal Defendants' motion to dismiss, Monet does not identify any document purporting to be the required "notice." Even if the court considers the "Report of an Environmental Violation" attached to the Complaint to be a "notice" for purposes of the CWA, it is insufficient. The CWA's implementing regulations describe the required contents of the required notice:

> Notice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 135.3(a). Although Monet's "notice" complained that the "boatyard" was a "superfund site," it did not describe what effluent standard or limitation was being violated. See

6

Complaint, Ex. B, ECF No. 1-2.  The "notice" Monet attached to his opposition to the State Defendants' motion to dismiss, even if considered here, was similarly deficient.  See ECF No. 16-1.  The insufficiency of the content of the "notice" requires dismissal.  See Ctr. for Biological Diversity v. Marina Point Dev. Co., 566 F.3d 794, 803-04 (9th Cir. 2009) (holding that a district court lacked jurisdiction to adjudicate CWA claims when CWA notices were insufficient).

This court lacks subject matter jurisdiction over Monet's CWA citizen suit claims against the Federal Defendants.  See Ctr. for Biological Diversity, 566 F.3d at 800; Waterkeepers N. Cal. v. AG Indus. Mfg., 375 F.3d 913, 916 (9th Cir. 2004); Wash. Trout v. McCain Foods, Inc., 45 F.3d 1351, 1354-55 (9th Cir. 1995).  Monet's CWA claims must be dismissed.  See Swanson v. U.S. Forest Serv., 87 F.3d 339 (9th Cir. 1996) (affirming dismissal of CWA claims against all defendants when notice was not sent to EPA); accord Allens Creek/Corbetts Glen Pres. Group v. Caldera, 88 F. Supp 2d 77, 85 (W.D.N.Y. 2000).

   C. The CERCLA Citizen Suit Claims Against the Federal Defendants Are Dismissed.

Congress enacted CERCLA "in response to the serious environmental and health risks posed by industrial pollution." U.S. v. Bestfoods, 524 U.S. 51, 55 (1998).  The Supreme Court has characterized CERCLA as "a comprehensive statute that grants the President broad power to command government agencies and private

parties to clean up hazardous waste sites." Id. (quoting Key Tronic Corp. v. U.S., 511 U.S. 809, 814 (1994)).

Like CWA, CERCLA allows citizen suits, stating with exceptions not relevant here that:

> any person may commence a civil action on his own behalf--
>
> (1) against any person (including the United States and any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of any standard, regulation, condition, requirement, or order which has become effective pursuant to this chapter (including any provision of an agreement under section 9620 of this title, relating to Federal facilities) . . . .

42 U.S.C. § 9659(a)(1). Courts have construed CERCLA's citizen suit provision as a limited waiver of federal sovereign immunity for claims asserted under it. See, e.g., United States v. Sensient Colors, Inc., 649 F. Supp. 2d 309, 331 (D.N.J. 2009).

Also like CWA, CERCLA requires notice of a violation to be sent to the following at least 60 days before a citizen suit can be filed pursuant to § 9659(a)(1):

> (A) The President.
> (B) The State in which the alleged violation occurs.
> (C) Any alleged violator of the standard, regulation, condition, requirement, or order concerned (including any provision of an agreement under section 9620 of this title).

42 U.S.C. § 9659(d)(1). Proper notice is necessary to give this court subject matter jurisdiction over such a citizen suit. See

8

Rennie v. T&L Oil Inc., 540 F. Supp. 2d 1198, 1202 (N.D. Okla. 2007); Frost v. Perry, 919 F. Supp. 1459, 1469 (D. Nev. 1996); Pollution Control Indus. of Am., Inc. v. Reilly, 715 F. Supp 219, 221 (N.D. Ill. 1989). Here, nothing in the record indicates that the notice was provided to the President. Accordingly, the CERCLA citizen suit claims against the Federal Defendants are dismissed.

> D.  The EPCRA Citizen Suit Claims Against the Federal Defendants Are Dismissed.

Because the Complaint only mentions EPCRA, it is unclear whether Monet meant to assert a claim under it. Even construing the Complaint liberally as asserting such a claim because Monet is pro se, any citizen suit claim under EPCRA against the Federal Defendants must be dismissed for lack of subject matter jurisdiction.

The Supreme Court has explained:

> EPCRA establishes a framework of state, regional, and local agencies designed to inform the public about the presence of hazardous and toxic chemicals, and to provide for emergency response in the event of health-threatening release. Central to its operation are reporting requirements compelling users of specified toxic and hazardous chemicals to file annual "emergency and hazardous chemical inventory forms" and "toxic chemical release forms," which contain, inter alia, the name and location of the facility, the name and quantity of the chemical on hand, and, in the case of toxic chemicals, the waste-disposal method employed and the annual quantity released into each environmental medium.

9

Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 86-87 (1998).

Like CWA and CERCLA, EPCRA contains a citizen suit provision. See 42 U.S.C. § 11046(a)(1)(A)-(C). But as with CWA and CERCLA, at least 60 days before a citizen suit alleging an EPCRA violation is filed, certain notices must be provided. That is, before a citizen suit against the Administrator of the EPA is filed, prior notice is required. See 42 U.S.C. § 11046(d)(2). Failure to comply with the notice requirements for citizen suits under EPCRA deprives this court of jurisdiction. See Alt. States Legal Found. v. United Musical Instruments, U.S.A., Inc., 61 F.3d 473, 478 (6th Cir. 1995); Hassain v. City of Chicago, 1999 WL 89612, *2 (N.D. Ill. Feb. 12, 1999). Because noting in the record suggests that proper notice was provided for the EPCRA claims against the Federal Defendants, Monet's citizen suit claims under EPCRA are dismissed.

V.      CONCLUSION.

For the foregoing reasons, all of the remaining claims in this action are dismissed.  Because Monet is proceeding pro se, the court invites him to file a motion seeking leave to file an Amended Complaint no later than August 1, 2011.  Any such motion must attach the proposed Amended Complaint.  If Monet fails to timely file such a motion, the Clerk of Court is directed to automatically enter judgment in favor of Defendants and to close this case.  The court cautions Monet, however, that he may not salvage his CWA, CERCLA, or EPCRA claims by now sending out proper notices while this action is pending, as the notices were required before the suit was filed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 7, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Monet v. State of Hawaii, et al., Civil No. 11-00211 SOM/BMK; ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS